Kristin A. VanOrman (7333)
Matt Harrison (13735)
**STRONG AND HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone:  (801) 532-7080
Facsimile:  (801) 596-1508

*Attorneys for Defendant Weber County*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LAW OFFICE OF SAMUEL P. NEWTON, P.C. and SAMUAL P. NEWTON, an individual,<br><br>     Plaintiffs,<br><br>vs.<br><br>WEBER COUNTY, a political subdivision of the state of Utah; JAMES H. HARVEY, KERRY W. GIBSON, and CHARLES J. EBERT, in their official and individual capacities<br><br>     Defendant. | **ANSWER TO COMPLAINT AND RELIANCE UPON JURY DEMAND**<br><br><br>Civil No.1:18-cv-00015 RJS<br><br>Judge Robert J. Shelby |

Defendants Weber County, James H. Harvey, Kerry W. Gibson, and Charles J. Ebert, (collectively known as "Defendants"), through counsel, hereby respond to the allegations of Plaintiff's Complaint as follows:

## **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In response to the specific allegations of Plaintiff's Complaint, this Defendant admits, denies or otherwise alleges as follows:

## PARTIES

1.      Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      In response to paragraph 2, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

3.      Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.      Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

9.      In response to paragraph 9, Defendants admit Sam Newton is an attorney; however, Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

10.      In response to paragraph 10, Defendants admit Weber County self-funds indigent defense appeals; however, Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

11.      Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.      In response to paragraph 12, Defendants admit that Weber County terminated Newton's contract; however, Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

13.      In response to paragraph 13, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

14.      Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.      In response to paragraph 15, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

16.      In response to paragraph 16, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

17.      In response to paragraph 17, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

18.     In response to paragraph 18, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

19.     In response to paragraph 19, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

20.     Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     In response to paragraph 22, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

23.     Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     In response to paragraph 24, Defendants admit Plaintiff filed a Motion to Withdraw; however, Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

25.     Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     In response to paragraph 26, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

27.     In response to paragraph 27, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

28.     In response to paragraph 28, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

29.     In response to paragraph 29, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

30.     Defendants admit the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     In response to paragraph 31, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

32.     In response to paragraph 32, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

33.     In response to paragraph 33, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

34.     In response to paragraph 34, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

35.     In response to paragraph 35, Weber County admits it contracted with another attorney; however, Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

36.     In response to paragraph 36, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

37.     In response to paragraph 37, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

38.     In response to paragraph 38, Weber County admits it terminated the contract on October 26, 2017; however, Defendants' are without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore, deny the same.

39.     In response to paragraph 39, Defendants admit the letter did not address Newton's performance; however, Defendants deny the remainder of the allegations.

40.     Defendants admit the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants admit the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     In response to paragraph 42, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

43.     In response to paragraph 43, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

44.     In response to paragraph 44, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

45.     In response to paragraph 45, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

46.     In response to paragraph 46, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

47.     In response to paragraph 47, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

48.     In response to paragraph 48, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     In response to paragraph 50, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     In response to paragraph 55, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

## FIRST CLAIM FOR RELIEF

(First Amendment – defendants Harvey, Gibson and Ebert)

56.     Defendants hereby incorporates by reference the answers above to the allegations contained in Plaintiff's Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

(First Amendment – Weber County)

62.     Defendants hereby incorporates by reference the answers above to the allegations contained in Plaintiff's Complaint.

63.     In response to paragraph 63, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and therefore, deny the same.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

## THIRD DEFENSE

Plaintiffs' injuries and damages, if any, are the direct and proximate result of the negligence or other actionable fault of the Plaintiffs or third parties over whom these Defendants had no right of control and, therefore, these Defendants are liable, if at all, for only that percentage or proportion of fault or negligence attributable to these Defendants.

## FOURTH DEFENSE

Defendants affirmatively allege that Plaintiffs' claims and causes of action are barred by the applicable statute of limitations.

## FIFTH DEFENSE

Defendants affirmatively allege that they breached no duty of care, if any, owed to Plaintiffs in this case.

## SIXTH DEFENSE

Defendants allege that evidence may be discovered to indicate that the Plaintiffs have failed to mitigate their damages and to the extent that they have failed to mitigate their damages, such claims are barred.

## SEVENTH DEFENSE

Utah law does not permit recovery of punitive damages for actions of the kind alleged in Plaintiffs' Complaint.  Accordingly, Plaintiffs' claim for punitive damages should be stricken.

## EIGHTH DEFENSE

As a separate and affirmative defense, Punitive damages are barred by the cruel and unusual punishment clause and the excessive fines clause of the Eighth Amendment to the United States Constitution and by Article I, §9 of the Constitution of Utah.

## NINTH DEFENSE

Punitive damages are barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

**TENTH DEFENSE**

As a separate and affirmative defense, Defendants did not act with actual malice and any award of punitive damages is, therefore, barred.

**ELEVENTH DEFENSE**

As a separate and affirmative defense, no act or omission of Defendants were undertaken with reckless indifference or reckless disregard to any rights or safety of others and, therefore, any award of punitive damages is barred.

**TWELFTH DEFENSE**

As a matter of law, punitive damages may not be awarded in this case because any outrageous and malicious conduct as alleged is likely to be deterred by other means.

**THIRTEENTH DEFENSE**

As a matter of law, punitive damages may not be awarded in this case because this is not an "exceptional" case.

**FOURTEENTH DEFENSE**

As a separate and affirmative defense, punitive damages are barred by the contracts clause of Article I, §10 of the United States Constitution.

**FIFTEENTH DEFENSE**

As a separate and affirmative defense, punitive damages have an acceptable "chilling" effect on the open court's clause of Article I, §11 of the Constitution of Utah and, therefore, deny due process.

**SIXTEENTH DEFENSE**

As a separate and affirmative defense, Plaintiffs must prove each and every element of their punitive damage claim by clear and convincing evidence.

**SEVENTEENTH DEFENSE**

As a separate and affirmative defense, Plaintiff's claim for punitive damages is asserted in "bad faith" and Defendants are, therefore, entitled to an award of attorney's fees pursuant to Utah Code Ann. § 78B-5-825.

**EIGHTEENTH DEFENSE**

As a separate and affirmative defense, Plaintiffs contract with Defendants was considered "at will" employment.

**NINETEENTH DEFENSE**

As a further, separate and additional defense, Defendant asserts that Plaintiff's claims fail in that Plaintiff has failed to establish any requisite culpability, government misconduct, or deliberately wrongful governmental decisions or actions.

**TWENTIETH DEFENSE**

As a further, separate and additional defense Plaintiff has failed to comply with the applicable requirements of the Governmental Immunity Act and, therefore, his claims in this civil action are barred.

**TWENTY-FIRST DEFENSE**

Plaintiff has failed to submit a timely and legally sufficient Notice of Claim required by the Utah Governmental Immunity Act and, therefore, his claims are barred.

## TWENTY-SECOND DEFENSE

As a further, separate and additional defense, Defendants assert that Plaintiff's claims are barred in that Plaintiff has failed to assert a legally protected interest.

## TWENTY-THIRD DEFENSE

As a further, separate and additional defense, Defendant asserts that Plaintiff's claims fail in that Plaintiff has failed to establish any requisite culpability, government misconduct, or deliberately wrongful governmental decisions or actions.

## TWENTY-FOURTH DEFENSE

As a further, separate and additional defense, these Defendants assert that Plaintiff's claims are barred to the extent that they were not adequately set forth in Plaintiff's Notice of Claim.

## TWENTY-FIFTH DEFENSE

As a separate and affirmative defense, Plaintiff's speech does not receive constitutional protection because Plaintiff was speaking pursuant to his official duties.

## TWENTY-SIXTH DEFENSE

As a separate and affirmative defense, Plaintiff's speech does not receive constitutional protection because Plaintiff's speech was not about a matter of public concern.

## TWENTY-SEVENTH DEFENSE

As a separate and affirmative defense, Plaintiff's speech does not receive constitutional protection because Plaintiff's interest in commenting on the issue did not outweigh Defendants' interest in restricting that speech.

## TWENTY-EIGHTH DEFENSE

As a separate and affirmative defense, Plaintiff's speech does not receive constitutional protection because Plaintiff's speech was not a substantial or motivating factor in the contractual decision.

## TWENTY-NINTH DEFENSE

As a separate and affirmative defense, Plaintiff's speech does not receive constitutional protection because Defendants would have taken the same action even in the absence of the speech.

## THIRTIETH DEFENSE

These Defendants have, or may have, other affirmative defenses which are not now known, but which will become known through future discovery.  These Defendants reserve their right to assert any additional affirmative defenses that may be ascertained through future discovery.


WHEREFORE, Defendants Weber County, James H. Harvey, Kerry W. Gibson, and Charles J. Ebert, (collectively known as "Defendants"), having fully answered the allegations of Plaintiff's Complaint, hereby demand that Plaintiff's Complaint be dismissed with prejudice and on the merits, that Plaintiff take nothing thereby, and that these Defendants be awarded the costs of Court incurred herein and for such other and further relief as the Court deems just and equitable.

## RELIANCE UPON THE JURY DEMAND

COMES NOW the Defendants Weber County, James H. Harvey, Kerry W. Gibson, and Charles J. Ebert, (collectively known as "Defendants") and hereby give notice to the Court and to all counsel that they do now and will rely upon the demand for trial by jury previously filed in this matter.

DATED this 28th day of February, 2018.

**STRONG & HANNI**


 _/s/ Kristin A. VanOrmanr_
Kristin A. VanOrman
Matt Harrison
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 28th day of February, 2018, I did cause a true and

correct copy of the foregoing **ANSWER TO COMPLAINT AND RELIANCE UPON JURY**

**DEMAND** to be served via the Court's CM/ECF System, upon the following:

> Karra J. Porter
> J.D. Lauritzen
> CHRISTENSEN & JENSEN
> 257 East 200 South, Suite 1100
> Salt Lake City, UT  84111
> karra.porter@chrisjen.com
> jd.lauritzen@chrisjen.com

                                                    *    /s/ Ali Hansen          *