# EXHIBIT C

FILED
UTAH APPELLATE COURT

MAR ~ 6 2017

IN THE SUPREME COURT OF THE STATE OF UTAH

----ooOoo----

State of Utah,

      Appellee,

v.                                                     Case No. 20150632-SC

Douglas A. Lovell,

      Appellant.

---

## ORDER

This matter is before the Court on Appellant's motion for a temporary remand pursuant to Rule 23B of the Rules of Appellate Procedure. The State has filed a response indicating it has no objection to a remand for the purpose of addressing a portion of the motion's request.

The motion is granted in part and denied in part. The motion is granted in part as follows:

The matter is temporarily remanded for an evidentiary hearing on the issues enumerated below. The trial court is to make all findings of fact necessary to resolve:

    1. Whether attorney Sean Young performed deficiently
    (a) in not interviewing, preparing, and examining the following mitigation witnesses: Rebecca Douglas, Holly Rae Neville, John Newton, Kent Tucker, Chuck Thompson, and Gary Webster;

    (b) in not calling the following potential mitigation witnesses to testify:

Colleen Bartell, Richard Boyer, Leon Denny, Amy Humphrey, Judy Humphries, Tony Milar, Russell Minas, Debra Motteshard, Brent Scharman, and Betty Tucker, Blake Nielsen, Jack Ford, Brian Morris, and Paul Kirkpatrick;

(c) in not adequately cross-examining Carl Jacobsen;

(d) in not adequately assisting and preparing Marissa Sandall-Barrus in her role as a mitigation specialist; and

(e) in not timely or adequately objecting to the alleged obstruction of, or interference with, testimony from John Newton, Chuck Thompson, Gary Webster, Richard Boyer and Brent Scharman by attorneys representing the Church of Jesus Christ of Latter-day Saints.

2. Whether Lovell was prejudiced by Young's deficient performance, if any.

The motion is denied in part insofar as it requests relief or findings on remand that are not within the scope of Rule 23B, such as requests for additional funding and direct challenges to third party intervention not premised on a claim that counsel was ineffective in failing to object. The Court also declines to grant the motion with respect to allegations that are presently inadequately supported in the motion or that were stated in the reply to the State's response but were not stated in the initial motion.

Pursuant to Rule 23B(c), the district court should complete the proceedings on remand within 90 days of this order absent a finding of good cause. Appellate briefing and argument will be stayed pending the proceedings on temporary remand.

FOR THE COURT:

_March 6, 2017_
Date

_____
Thomas R. Lee
Associate Chief Justice

NEWTON000122

CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2017, a true and correct copy of the foregoing ORDER was deposited in the United States mail or was sent by electronic mail to be delivered to:

MARK C. FIELD
AARON MURPHY
markfield@utah.gov
aaronmurphy@utah.gov

SAMUEL P. NEWTON
sam@snewtonlaw.com

HONORABLE MICHAEL D. DIREDA
SECOND DISTRICT, OGDEN DEPT
ATTN: MAUREEN MAGAGNA
maureem@utcourts.gov

SECOND DISTRICT, OGDEN DEPT
ATTN: MAUREEN MAGAGNA
maureem@utcourts.gov


By _____
Kimberly Shafer
Judicial Assistant

Case No. 20150632
SECOND DISTRICT, OGDEN DEPT, 921900407

NEWTON000123