# EXHIBIT L

SAMUEL P. NEWTON (9935)
Counsel for Defendant/Appellant
Law Office of Samuel P. Newton, PC
The Historic KM Building
40 2nd Street E, Suite 222
Kalispell, MT 59901-2514
Tel. 801-624-6530 (UT)
Tel. 406-407-7323 (MT)
Fax 406-203-1144
sam@snewtonlaw.com



IN THE SECOND DISTRICT COURT
WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br>Plaintiff,<br><br>vs.<br><br>DOUGLAS A. LOVELL,<br>Defendant. | *** UNDER SEAL ***<br><br>**REPLY TO MEMORANDUM IN OPPOSITION TO EX PARTE MOTION FOR PAYMENT OF ATTORNEY FEES AND LITIGATION EXPENSES**<br><br>Case No. 921900407<br><br>Judge Michael D. DiReda |

Defendant, DOUGLAS A. LOVELL, by and through counsel of record, Samuel P. Newton, replies to Weber County's response[1] to his motion.[2]

The County estimates that it has fulfilled the obligation to give Mr. Lovell an attorney. Memo in Opposition ("Opp.") at 3. It argues that this is a contractual matter that should be

---

[1] Mr. Lovell does not agree that Weber County has standing to object to this request. As he noted, the State should have no part in the selection and funding of its adversary. Motion at 4. The County funds both the prosecution and the defense and has, already, sought to limit the work appellate counsel has done and needs to do in this case. He recognizes that this court has already denied a similar motion at the trial level, and so, consequently, he served this motion on the county. He, nonetheless, renews his objection here.

[2] This reply is filed later than allowed under the rules. Counsel did not receive a copy of the County's opposition until the date the reply was due. Mr. Baron indicated in email correspondence that he would not oppose a late response.

1

DEPOSITION EXHIBIT 6 Baron    NEWTON000344

governed by the parties. Opp. at 5. Essentially, it argues that counsel "knew going into this case that he was handling a capital case" which "would require a substantial amount of time to complete ..." Opp. at 6. Yet, somewhat contradictory, the county argues that counsel "is being generously compensated, and he will continue to be compensated" so long as he justifies the expenditures. Opp. at 7.

Mr. Lovell agrees that the county has authorized $15,000 in additional funding toward handling the 23B Remand motion as well as revising the brief. However, the county has taken the position that the original $75,000 authorized constitutes the entirety of the amount it will pay for preparation of the brief and the reply brief. *See* email correspondence with Bryan Baron (Exhibit A). To date, counsel has exceeded that amount by over $7,000. Those excesses were prompted by major abnormalities that counsel did not, and realistically could not, contemplate at the outset: that Mr. Young did virtually nothing in representing Mr. Lovell. Indeed, he was fired for this misconduct specifically and the bar has opted to pursue formal disciplinary action against Mr. Young. This required counsel to spend an inordinate amount of time interviewing witnesses who were not called at trial (or inadequately prepared), collaborating on the creation of witness affidavits and writing and preparing a several hundred-page motion for 23B remand.

In fact, standard practice on a capital defense appeal would be to *not* raise ineffective assistance of counsel claims on direct appeal because of the difficulty of securing an adequate record to support the claims. However, because the ineffective assistance appeared to be major and serious, Mr. Lovell, after careful consultation with counsel decided that the best approach would be to raise these issues now. No party anticipated the major nature of counsel's failures at the outset. Certainly the county did not anticipate the failures because it was only after counsel's work on the appeal and the discovery of these issues that the county opted to terminate Mr. Young.

That termination was specifically related to Mr. Young's misconduct. *See* Affidavit of Michael Bouwhuis (Exhibit B).

Additionally, after filing the motion for Rule 23B remand, the Utah Supreme Court denied ruling on the motion until after the briefs were completed. This required counsel to fully brief Mr. Lovell's direct appeal. Counsel nearly completed that work, resulting in an over 300-page brief on direct appeal. However, on the eve of filing Mr. Lovell's brief, the State filed a response to the Rule 23B Motion, indicating that it would not oppose a remand. Given the State's lack of opposition, the Utah Supreme Court granted the Rule 23B motion.

Between that time, the Utah State Bar has moved forward with disciplinary proceedings against Mr. Young. Counsel represented Mr. Lovell before that body and was asked to testify as a witness at a formal disciplinary proceeding. Counsel spent time preparing for that proceeding, which has been important to Mr. Lovell's case as further evidence of his trial counsel's misconduct. He also has regularly communicated with Mr. Lovell about updates on the case.

The county has indicated that it will not pay for any of the foregoing work that exceeded the $75,000 soft cap in the contract. Indeed, the county's position is that counsel contracted for $75,000 for the appeal and that any work related to the 23B Remand will be covered by the additional $15,000 authorized. The county has plainly indicated that counsel will not be allowed additional funding. Coupled with the denial of $7,000+ for work already performed, that leaves counsel with a mere fifty hours (or so) for work related to a seven-day evidentiary hearing involving at least twenty-five witnesses and revisions to his brief. The hearings alone will take fifty-plus hours and preparation will take two or three times that number of hours.

The extra hearings will likely substantially add to the length of the brief and Mr. Lovell also must consider that the Utah Supreme Court will deny a motion to file an overlength brief, in which case, he will have to substantially cut the brief to fit within page limitations. The process of writing

3

and revising the brief will not be short and will likely take at least more than 100 hours. Had counsel known the nature of the case and the nature of the ineffective assistance claims that would be raised, he would have asked the county for a minimum of at least two to three times the requested amount.

Thus, while the county characterizes this is a non-ripe issue, it has already resulted in its refusal to fund over $7,000 in work conducted on the case. It has also refused to fund any work related to revising the brief or writing the reply that exceed the $15,000 it has authorized. Because that will likely be exceeded in preparation for the 23B hearing, this court should address the issue. "A dispute is ripe when a conflict over the application of a legal provision has sharpened into an actual *or imminent clash* of legal rights and obligations between the parties thereto." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg*, 2010 UT 51, ¶ 40, 238 P.3d 1054, 1065–66 (quoting *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 29, 215 P.3d 933 (emphasis added); *see also Utah Safe to Learn–Safe to Worship Coal., Inc. v. State*, 2004 UT 32, ¶ 20, 94 P.3d 217 ("[A]n issue is not ripe for review where there is no actual or *imminent clash* between the parties.") (emphasis added). There is already a clash of interests over payment of fees, since the county will not reimburse Mr. Lovell for actual expenditures already made, and this issue will imminently escalate to greater detriment to Mr. Lovell when the county refuses to fund anything beyond its offer of $15,000 which Mr. Lovell contends is not adequate for the remainder of work to be done. Therefore, the issue is ripe.

This court has the constitutional responsibility to guarantee that Mr. Lovell has adequately funded counsel on his direct appeal independent of any statutory provision and to the extent Utah's Indigent Defense Act conflicts with this constitutional mandate, it is unconstitutional under both the United States and Utah constitutions. "The Sixth Amendment right to counsel extends to a defendant's first appeal as of right. This right includes the right to state-paid counsel for indigent defendants." *State v. Gailey*, 2016 UT 35, ¶ 26, 379 P.3d 1278 (citing *Pennsylvania v. Finley*, 481 U.S.

NEWTON000347

4

551, 554, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (("[D]enial of counsel to indigents on first appeal as of right amount[s] to unconstitutional discrimination against the poor."); *Gardner v. Holden*, 888 P.2d 608, 622 (Utah 1994) (statute "provides for the assignment of counsel at state expense only during the trial proceedings and the first appeal of right or other remedies before or after conviction that the attorney considers to be in the interest of justice.").

Mr. Lovell's right to the effective assistance of his appellate counsel is compromised if the county is allowed to underfund counsel's representation. "Defendants additionally have the right to the effective assistance of counsel on direct appeal." *Gailey*, 2016 UT 35, ¶ 27 (citing *Bruner v. Carver*, 920 P.2d 1153, 1157 (Utah 1996) ("The Due Process Clause of the Fourteenth Amendment guarantees the right to effective assistance of appellate counsel."); *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("A first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."). "For counsel to be effective in the case of an indigent defendant, the state must provide a defendant with access to 'the raw materials integral to the building of an effective defense.'" *State v. Carreno*, 2006 UT 59, ¶ 8, 144 P.3d 1152 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 76–77, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Indeed, it creates a conflict of interest since appellate counsel will have an incentive to work less—and may have to out of economic necessity—on the case given the lack of adequate funding.

As the Utah Supreme Court put it, almost fifty years ago, "[w]e think a wise legislature intended to and did remove the burden of affording counsel for impecunious defendants in criminal cases from the tired shoulders of the legal profession and placed it upon society, where it has always rightfully belonged." *Washington Cty. v. Day*, 22 Utah 2d 6, 10, 447 P.2d 189, 191 (1968); see also State v. Dixon, 22 Utah 2d 58, 59–60, 448 P.2d 716, 717 (1968) ("the legislature obligated the counties to provide, at their expense, legal services for indigent defendants").

NEWTON000348

However, the county's proposal here would place the burden squarely on Mr. Lovell's appellate counsel. The county should not be "in a poor position to try to avoid its statutory obligation" to provide the resources to an indigent's counsel. *Hatch v. Weber Cty.*, 23 Utah 2d 144, 148, 459 P.2d 436, 439 (1969). Nor should it place that burden on appellate counsel. It is troubling that the State has no less than six attorneys (plus two or three attorneys on the civil side) representing its interests at the upcoming 23B hearing at a significant cost to the taxpayers, but the county is unwilling to completely fund *one* attorney for Mr. Lovell.

The court also has a statutory responsibility to guarantee adequately funded counsel. As the Utah Supreme Court put it, the Indigent Defense Act "plainly intends to give the district court the authority to consider" the appropriate costs for an indigent defendant. *Carreno*, 2006 UT 59, ¶ 15. As the statute indicates, the county must adequately fund counsel for an indigent defendant. Utah Code Ann. § 77-32-301. Particularly, Mr. Lovell has shown that a failure to adequately fund him denies him his constitutional rights, an express purpose for expending additional funding. *See* Utah Code Ann. § 77-32-304(3)(b)(i) and discussion *supra*.

The statute clearly expresses, contrary to the county's position, that this court should compensate counsel so long as the "legal services rendered by counsel" were "under a separate fee arrangement" and "necessary for the adequate defense of the indigent." Utah Code Ann. § 77-32-304(3). That is the case here as preparation of his brief on appeal and conducting the 23B hearing are necessary for Mr. Lovell's appeal. And, even if the contract governed the general costs of the appeal, the additional expenses should be authorized as extraordinary expenses, governed by Utah Code Ann. § 77-32-305.5. The court can consider and order the payment of those expenses "reasonably incurred" after considering a motion filed by the indigent defendant and conducting a hearing on the matter. *Id.* This court may also depart from the standard contract in cases where

NEWTON000349

there is a "compelling reason" to expend additional defense resources. Utah Code Ann. § 77-32-306(5). This is just such a case.

## CONCLUSION

Counsel for Mr. Lovell did not anticipate at the outset that this case would involve much more than simply writing and filing a brief on a capital case. He did not anticipate the extensiveness of counsel's ineffectiveness, which necessitated a few-hundred-page motion for Rule 23B remand, which was subsequently stipulated to and granted by the Utah Supreme Court. He did not anticipate that this hearing would involve over two dozen witnesses which evidence will need to be incorporated into a revised brief on appeal. For these reasons, the court should authorize the payment of fees for work already done on this case and preauthorize up to 200 hours[3] in future work.

RESPECTFULLY SUBMITTED this 13 day of April, 2017.

/s/ Samuel P. Newton
SAMUEL P. NEWTON
Attorney for Appellant

---

[3] Counsel cannot fully estimate how much time it will take, but has made the following estimate: 50-100 hours in preparation for the 23B hearing, 50-60 hours in evidentiary hearing, 50-100 hours in revising the brief, 50-100 hours in writing the reply brief. In all, the number of hours may well exceed the 200 asked for.

NEWTON000350

**EXHIBIT A**

**(Email Correspondence Between Counsel and Weber County)**

From: **Baron, Bryan** bbaron@co.weber.ut.us
Subject: RE: Telephone Conference
Date: April 11, 2017 at 8:56 AM
To: Sam Newton sam@snewtonlaw.com

Sam,

The commissioners' position is that you signed a contract to handle this appeal for $75,000. They feel like that was a lot of money to pay for the appeal of the sentencing phase only, even if it is a capital case.

The contract is clear that the $75,000 cap may only be exceeded upon a showing of good cause. They agree that the 23B remand is good cause, but the focus of their discussion with you has been on the evidentiary hearing and revising your initial brief. For that work, they have agreed to increase your contract by $15,000.

==If you want to make a request for additional funding for the time you spent putting together the 23B motion, I'm sure they would be willing to consider that, but they are not open to paying you additional money for the oral arguments or the reply brief because those were both contemplated in the original contract.==

Bryan R. Baron
Deputy County Attorney
WEBER COUNTY ATTORNEY'S OFFICE
2380 Washington Blvd., Suite 230, Ogden, UT 84401
Office: 801.399.8471
Fax: 801.399.8304
Email: bbaron@co.weber.ut.us

From: Sam Newton [mailto:sam@snewtonlaw.com]
Sent: Monday, April 10, 2017 3:22 PM
To: Baron, Bryan
Subject: Re: Telephone Conference

Bryan, I sure hope I'm misunderstanding. Is the county's position that they will not pay me for over $7,000 of work I have already done on this case and will only pay me for future work? The end of last year's invoice was related to preparing the brief, which was over 300 pages, before the State stipulated to a remand. The stuff this year has had to do with responding to the Motion for 23B remand (which the Supreme Court granted), issues with Doug Lovell's bar complaint (which I was asked to testify to by the bar and which the Supreme Court screening panel recommended a formal district court proceeding against Sean Young) and responding to the AG's subpoenas for the 23B remand. All of the work to date has been related to getting the brief and remand motion ready and dealing with issues related to the now granted remand. There would be a significant number of hours I would have to donate to this case and as a solo practitioner, I cannot afford to work for free on this.

Anyway, unless I'm misunderstanding, it sounds like I need to file a reply and ask for a hearing with Judge DiReda. If you're willing to stipulate and avoid the hearing, let me know.

sam



**Samuel P. Newton** / Attorney at Law sam@snewtonlaw.com
Law Office of Samuel P. Newton, PC Office: (406) 407-7323 /
Fax: (406) 203-1144 40 2nd Street E, Suite 222 Kalispell, MT
59901 www.snewtonlaw.com

On Apr 10, 2017, at 2:53 PM, Baron, Bryan <bbaron@co.weber.ut.us> wrote:

Sam,

As I understand the commissioners position, they have pre-approved 100 hours to go towards the work that is required on the remand. That includes the evidentiary hearing and reworking your initial brief. The county will not release additional funds until that work has been done. Any other work (e.g. the last invoice for 2016 as well as any work that is required for your reply brief and oral arguments) should be covered by the $75,000.

Bryan R. Baron
Deputy County Attorney
WEBER COUNTY ATTORNEY'S OFFICE
2380 Washington Blvd., Suite 230, Ogden, UT 84401
Office: 801.399.8471
Fax: 801.399.8304

Email: juanaq@co.weber.ut.us

**From:** Sam Newton [mailto:sam@snewtonlaw.com]
**Sent:** Monday, April 10, 2017 1:59 PM
**To:** Baron, Bryan
**Subject:** Re: Telephone Conference

Sure. We can do that if you want. It was thinking a telephone conference could let us dialogue about the issues and see if we need a hearing. I haven't filed a reply yet. I haven't quite figured out how to respond to your response. On the one hand, I agree the issue is moot because if the county has authorized 100 more hours, then we're technically ok for the short term. But if I send you my outstanding invoice, which is just over $3,000 for this year and I think about $4,000 still has not been paid from that invoice for last year, then there's only a few more hours left, and not enough for the remainder of the work. Would you rather handle things down the road or should we just address it now? If the commissioners' position is no more money, no matter what, which is how I read it, then I think we should just address things with the judge. I hope this makes sense. Also, are you willing to release the money on the last invoice from 2016? And should I send you one for January-March 2017? Thanks again.

sam

> On Apr 10, 2017, at 1:52 PM, Baron,Bryan <bbaron@co.weber.ut.us> wrote:
>
> Sam,
>
> I'm not clear on why we need a telephone conference. Is this is in relation to the motion for attorney fees and litigation expenses? If so, shouldn't we just schedule a hearing date?
>
> Bryan R. Baron
> Deputy County Attorney
> WEBER COUNTY ATTORNEY'S OFFICE
> 2380 Washington Blvd., Suite 230, Ogden, UT 84401
> Office: 801.399.8471
> Fax: 801.399.8304
> Email: bbaron@co.weber.ut.us
>
> **From:** Sam Newton [mailto:sam@snewtonlaw.com]
> **Sent:** Monday, April 10, 2017 11:55 AM
> **To:** Juana Quintero
> **Cc:** Baron, Bryan
> **Subject:** Re: Telephone Conference
>
> Can we schedule a telephone conference to discuss the funding issues on Lovell with me and Bryan Baron?
>
> sam
>
> 
> Samuel P. Newton / Attorney at Law sam@snewtonlaw.com
> Law Office of Samuel P. Newton, PC Office: (406) 407-7323 / Fax: (406) 203-1144 40 2nd Street E, Suite 222 Kalispell, MT 59901 www.snewtonlaw.com
>
>> On Apr 10, 2017, at 11:09 AM, Sam Newton <sam@snewtonlaw.com> wrote:
>>
>> That's just fine.
>>
>>> On Apr 10, 2017, at 11:08 AM, Juana Quintero <juanaq@utcourts.gov> wrote:
>>>
>>> **Yes, just waiting on the judge. We are calling 801-624-6530, is that correct?**
>>>
>>> On Mon, Apr 10, 2017 at 11:06 AM, Sam Newton <sam@snewtonlaw.com> wrote:
>>> I assume you're calling today?

NEWTON000353

**EXHIBIT B**

**(Affidavit of Michael Bouwhuis)**

NEWTON000354

**MICHAEL D. BOUWHUIS #6498**
Attorney at Law
PO Box 150801
Ogden, Utah 84415
Telephone:  (801) 393-6452

---

## IN THE SECOND JUDICIAL DISTRICT COURT, WEBER COUNTY
## OGDEN DEPARTMENT, STATE OF UTAH
2525 Grant Avenue, Ogden, UT  84401

---

| | |
|---|---|
| STATE OF UTAH, | )   **AFFIDAVIT OF ATTORNEY** |
| Plaintiff, | )   **MICHAEL D. BOUWHUIS RE** |
| | )   **ATTORNEY SEAN YOUNG** |
| vs. | ) |
| DOUGLAS A. LOVELL, | )   Case No. 921900407 |
| Defendant. | )   Judge Michael D. DiReda |
| | ) |

---

STATE OF UTAH    )
                 : SS
COUNTY OF WEBER)

MICHAEL D. BOUWHUIS, being first duly sworn, deposes and states upon his oath as follows:

1. That I am an attorney licensed to practice law in the State of Utah.

2. That I was lead trial counsel for Douglas A. Lovell.

3. That Sean Young was an attorney assigned to assist me in representing Mr. Lovell.

4. That as part of Mr. Young's assignment he was to handle a certain number of witnesses, to wit: Judy Humphries, Amy Humphrey, Kent and Betty

NEWTON000355

Tucker, Brent Scharman, Dr. John Newton, Pamela Madison, Debbie Motteshard, Russ Minas, Holly Neville, Brad Burch, Terry Bartlett, Tony Milar, Bob Brunson, Richard Boyer, Leon Denney, Jack Ford, Paul Kirkpatrick, Chuck Thompson, and Gary Webster. Specifically, Mr. Young was to review any materials we had on these witnesses, contact them, interview them, prepare them for trial, and get subpoenas prepared and served on them to ensure their appearance at trial.

5. That as we prepared for trial Mr. Young assured me that he was doing the work referred to in paragraph 4 above, and that he never gave me any indication that these witnesses were refusing to cooperate.

FURTHER your Affiant saith not.

DATED this 13 day of October 2015.

MICHAEL D. BOUWHUIS
Attorney for Defendant
Affiant

Subscribed and sworn to before me on this 13th day of October 2015.

KAREN VON COLLN
NOTARY PUBLIC • STATE of UTAH
COMMISSION NO. 664814
COMM. EXP. 09-01-2019

NOTARY PUBLIC

2

NEWTON000356

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing REPLY TO MEMORANDUM IN OPPOSITION TO EX PARTE MOTION FOR PAYMENT OF ATTORNEY FEES AND LITIGATION EXPENSES was mailed by first class mail or electronically delivered April 13, 2017 to the following:

Bryan Baron
Weber County Attorney
2380 Washington Blvd. #230
Ogden UT 84401


_____/s/ Devlin Foubert_____
DEVLIN FOUBERT

NEWTON000357